# IN THE COURT OF APPEALS OF IOWA

No. 24-1739
Filed December 3, 2025

**MICHAEL ALLEN ZANONI,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Story County, John J. Haney, Judge.


        A postconviction applicant appeals the denial of relief.  **AFFIRMED.**


        Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

        Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee State.


        Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ.

**BULLER, Judge.**

Michael Zanoni appeals the denial of postconviction relief. He argues there was a structural error in the postconviction proceedings, while the State contends our review should be for ordinary breach of duty and prejudice. Finding recent supreme court precedent supports the State's position, we affirm.

## I.       Background Facts and Proceedings

Zanoni pled guilty to possession of methamphetamine as a habitual offender and operating while intoxicated. He did not appeal but did file an application for postconviction relief just inside the three-year statute of limitations. The initial application did not allege any grounds. After the court ordered him to substitute the application, he alleged "ineffective counsel" but still did not indicate what relief he sought.

The State moved to dismiss the application, and court-appointed counsel assisted Zanoni with drafting a third application, now challenging plea counsel's performance for not filing a motion in arrest of judgment. The motion to dismiss remained pending and, about a month after filing the amended application, appointed counsel withdrew due to a breakdown in the attorney-client relationship. The court appointed a second attorney, who had also worked with Zanoni on another of Zanoni's postconviction applications. This second attorney helped file another amended application, now alleging that trial counsel failed to fully investigate the case and failed to properly advise Zanoni about the consequences of pleading guilty. The court denied the motion to dismiss, and the State answered.

Zanoni then asked the second attorney to withdraw, and the attorney moved to do so. The court granted the withdrawal after a reported hearing. A series of

additional attorneys then appeared and subsequently withdrew, at least one due to Zanoni's complaints about them. Eventually the attorney we refer to as the last appointed counsel appeared.

The State moved for summary disposition. The court held a hearing at which Zanoni testified that he pled guilty based on plea counsel's statements that she would move for his immediate release on supervision once he pled guilty, but in reality he remained in custody several additional days. This was the only claim or basis for relief he advocated at the hearing. At the end of the hearing, the court left the record open for the parties to file briefs if they chose to do so. The State filed a brief, but Zanoni's last appointed counsel did not.

The court granted what it called summary disposition,[1] reasoning both that Zanoni's testimony was not credible and that plea counsel's alleged shortcomings did not affect the plea. Citing Iowa Code sections 822.6(2) and (3) (2024), the court gave the following notice in writing:

> The Court hereby gives notice to the parties that it intends to dismiss this action, pursuant to Iowa Code section 822.6, for the reasons described above. If the applicant wishes to file a reply to this notice of intended dismissal, he must do so on or before August 23, 2024. After this date, the court will either dismiss this action or order further proceedings.

Zanoni's last appointed counsel did not file a reply, and the court dismissed the application. Less than a week later, the last appointed counsel moved for reconsideration, explaining that he didn't see the notice provision in the order and

---

[1] We question whether this was really a summary-disposition hearing or a trial, considering the applicant testified and the decision rendered was based in part on finding the applicant not credible. But we think the label is ultimately immaterial for purposes of this appeal.

asking for an extension of time to respond. The court did not act on the reconsideration request within that timeframe, and the last appointed counsel asked for another extension to a date certain a week later. When counsel still did not file any response to the notice by that date certain, the court denied the request for reconsideration—reiterating that Zanoni's claim failed on the merits. Zanoni appeals, claiming there was a "structural error" in the proceedings.

## II. Standard of Review

Our review of postconviction summary-disposition rulings is for correction of errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). In reviewing such a ruling, we are mindful that summary disposition "is the put up or shut up moment" in a postconviction case, "when [an applicant] must show what evidence [he] has that would convince a trier of fact to accept [his] version of the events." *Armstrong v. State*, No. 21-1132, 2022 WL 2824750, at *4 (Iowa Ct. App. July 20, 2022) (quoting *Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 808 (Iowa 2019)). To the extent our review considers the effectiveness of counsel, we approach that question de novo. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

## III. Discussion

Our supreme court has recognized a discrete form of structural error in postconviction proceedings. *See Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011). In *Lado*, the applicant's attorney filed nothing when a try-or-dismiss notice was issued, leading to the postconviction court dismissing the case without ever reaching the issues. *Id.* at 250. The supreme court found structural error in part

because the "application was dismissed without any consideration of its merits or meaningful adversarial testing." *Id.* at 253.

Zanoni points to some unpublished decisions of our court, where we have arguably expanded *Lado* or at least applied its holding to facts other than a procedural dismissal that prevented a resolution on the merits. *See Mayorga v. State*, No. 23-0029, 2024 WL 1295965, at *2–3 (Iowa Ct. App. Mar. 27, 2024); *Burkett Brown v. State*, No. 21-1255, 2022 WL 1488542, at *1–2 (Iowa Ct. App. May 11, 2022). But after we decided those cases, the supreme court decided *Ruiz v. State*, 18 N.W.3d 453, 458–59 (Iowa 2025), where they re-examined *Lado*. The court emphasized that the *Lado* reversal was justified in part because the district court there did not reach the merits of the case. *Ruiz*, 18 N.W.3d at 458. Because the lower court order in *Ruiz* reached the legal merits, and because the dismissal was not on a procedural technicality but rather a substantive bar to recovery, the supreme court held *Lado*'s structural error analysis did not apply—the ordinary ineffective-assistance-of-counsel breach-and-prejudice analysis did. *Id.* at 458–59. In doing so, the supreme court affirmed our court's majority opinion that distinguished or declined to follow *Mayorga*. *See Ruiz v. State*, No. 24-0085, 2024 WL 3887241, at *2 (Iowa Ct. App. Aug. 21, 2024), *aff'd*, 18 N.W.3d 453 (Iowa 2025).

We have since applied *Ruiz*, recognizing it calls on us to differentiate between cases of structural error due to lack or absence of counsel and cases in which counsel's alleged inaction "reflects the lack of merits in [the postconviction] application." *Lawson v. State*, No. 24-0193, 2025 WL 2407530, at *2 (Iowa Ct. App. Aug. 20, 2025). This flows from the general principle, restated in *Ruiz* and

other cases, that "[p]ostconviction counsel has no duty to pursue a meritless claim." *Chandler v. State*, No. 24-0399, 2025 WL 2237244, at *2 (Iowa Ct. App. Aug. 6, 2025) (citing *Ruiz*, 18 N.W.3d at 459); *see also State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015) ("[W]here a claimant alleges counsel's failure to pursue a particular course breached an essential duty, there is no such duty when the suggested course would have been meritless."). And that principle is consistent with our past decisions that affirm even scant postconviction records when the applicant "identifies no *meritorious* claim that [postconviction] counsel should have raised or raised more effectively." *Harkless v. State*, No. 16-2082, 2017 WL 6513966, at *2 (Iowa Ct. App. Dec. 20, 2017).

Guided by *Ruiz*, we conclude Zanoni has not shown a structural error as existed in *Lado*. His claim was not dismissed on a procedural technicality (like the try-or-dismiss provision) but was instead decided on the merits, following an adversarial hearing in which he was able to fully present his case through arguments and testimony. As we said more than a decade ago about a different postconviction applicant, "Perhaps [Zanoni] would have liked a more zealous advocate, but he was not constructively without counsel." *Allard v. State*, No. 11-1641, 2013 WL 1227352, at *3 (Iowa Ct. App. Mar. 27, 2013). As a result, we apply the familiar two-pronged approach of *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), to evaluate postconviction counsel's performance.

In our review of the admittedly limited record, it is difficult to discern any viable claim that Zanoni's last appointed counsel could have advanced. Zanoni's appellate brief certainly does not identify any basis on which he may have been entitled to relief on the merits, and none is obvious to us when independently

reviewing the underlying record. So we affirm. *See Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018); *see also Uranga v. State*, No. 24-0196, 2025 WL 1324125, at *2 (Iowa Ct. App. May 7, 2025) (collecting cases where we applied *Goode* in similar circumstances). And we note this approach was affirmed on further review in *Ruiz*. *See* 18 N.W.3d at 459–60.

Last, an observation: We recognize that court-appointed counsel in postconviction cases deal with voluminous records, frequently have little to work with in terms of the facts or law, and must navigate clients who are often dissatisfied with their services regardless of performance. And we recognize there is sometimes no meritorious argument to put forward on an applicant's behalf. But records of inaction by counsel—like the lack of substantive resistance here—place us in a difficult position of guessing as to whether the inaction is due to incompetence or the meritless nature of a claim.

**AFFIRMED.**